THE PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* DISTRICT COURT OF PUERTO RICO, BAYAMÓN PART, ETC., Defendant and Appellee.

No. R-68-289.    Decided May 5, 1969.

236

*Rafael A. Rivera Cruz,* Solicitor General, *Peter Ortiz,* Acting Deputy Solicitor General, and *Federico Rodríguez Gelpí,* Assistant Solicitor General, for appellant. *Luis Muñoz Rivera, Félix Ortiz Juan,* and *Rafael F. Arrillaga* for interveners Sotero León and Valentín Vargas.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On April 4, 1967 an information was filed before the Superior Court, Bayamón Part, against Sotero León and Valentín Vargas preferring twenty-one charges against them for violation of § 87 of the Penal Code, 33 L.P.R.A. § 276.[1] Charges XVII and XVIII, which were recorded as criminal causes G-67-269 to G-67-272, refer to the orders of payment 1437 and 1484 of the Municipality of Guaynabo, of May 10 and 21, 1965. On April 26, 1968 this Court rendered judgment on appeal O-67-374 ordering the dismissal of the information because the trial was not held within the period of 120 days prescribed by Rule 64 (n) of the Rules of Criminal Procedure. The notice to the Solicitor General was served on April 30;

---

[1] "Every person who with intent to defraud, presents for allowance or for payment to any disbursing officer, or other officer, or to any person or officer authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is guilty of felony."

238

the order was remitted to the trial court on Friday May 10, 1968; three days later, on the first available working day the dismissal of the actions was ordered.

In the meanwhile, on May 9, for the purpose of avoiding the effect of the three-year prescriptive period, § 78 of the Penal Code, 33 L.P.R.A. § 232, see, *People* v. *Club Management, Inc.*, 88 P.R.R. 184 (1963), two "complaints" were filed against León and Vargas before the District Court, San Juan Part, for the same facts stated in charges XVII and XVIII. On that same date probable cause was determined in the absence of the accused and a warrant of arrest was issued.[2] Besides summons of defendant was ordered for the preliminary hearing which was set for June 5 before the District Court, Bayamón Part.[3] The preliminary hearing was held on June 27 before Mr. Ángel M. Rivera Valentín, who issued a resolution which in its pertinent part reads as follows:

". . . this court considers that it does not have jurisdiction over these two complaints whereas they were filed in the Supreme Court of P.R. before the latter declining officially its jurisdiction so that it be reacquired by the Superior Court—Bayamón Part and the latter could proceed at the same time to dismiss all the informations. As it may be noticed from the stipulations, said dismissal was made subsequent to the date of filing of the new complaints."

On July 2, 1968 the People of Puerto Rico filed before the Superior Court, Bayamón Part, a petition denominated as

---

[2] A criminal prosecution commences not with the filing of the information, but with the determination of probable cause and the subsequent arrest or summons of the accused. *People* v. *Ortiz Díaz*, 95 P.R.R. 237 (1967); *People* v. *Superior Court*, 84 P.R.R. 22 (1961); *cf. People* v. *Capestany*, 37 P.R.R. 547 (1928); *People* v. *Rivera et al.*, 9 P.R.R. 363 (1905). The prescriptive term of a criminal action is not interrupted by the arrest performed for the purposes of another information for the same offense which was dismissed because the corresponding trial was not held within the term fixed by law. *People* v. *Superior Court*, 84 P.R.R. 22 (1961); *People* v. *Lugo*, 58 P.R.R. 185 (1941).

[3] For purposes of filing, they were identified with numbers VP-534 to 537.

certiorari to review the foregoing resolution, in which, after recounting the facts previously related, it prays to reverse and set aside the order of dismissal entered and "to order the District Court, Bayamón Part, to set and hold the preliminary hearing object of this appeal." The writ having been issued and the parties heard, a "resolution" was rendered in open court "affirming the order entered by the District Court, Bayamón Part." We agreed to review.

■ 1—In *People* v. *Superior Court,* 95 P.R.R. 400 (1967), we indicated that the magistrates of the Court of First Instance act in their individual capacity in the exercise of their duties and powers provided by the Rules of Criminal Procedure for the determination of probable cause. Their determinations to that effect are not decisions or orders of a court, and, therefore, they cannot be reviewed by way of certiorari. If in the present case it would be considered that the order of Judge Rivera Valentín dated June 27, 1968 has the scope of a determination of nonexistence of probable cause, the only course of action available to the People to review it was that provided by Rule 24 (c) *in fine,* to submit the case again to a magistrate of higher rank in the Court of First Instance. Anyway, it would be barred from using the petition for certiorari.

■ However, in its real scope the impeached action does not have the effect of an adjudication of the nonexistence of probable cause, but rather that by means of the interpolation of a concept extraneous to this proceeding prior to the accusation—we refer to the so-called "jurisdiction" to act—the magistrate did not make use of his determining power. From this point of view the petition presented before the Superior Court may be considered as a petition for mandamus, although erroneously labeled as certiorari, to compel the defendant judge to entertain the matter and to make a determination as to the existence or nonexistence on the merits of

240

probable cause to accuse. We reached a similar conclusion in *People* v. *Superior Court*, 96 P.R.R. 231 (1968), where we considered the appeal taken as a petition for mandamus and we ordered the appellee judge to hold a preliminary hearing with the evidence which the prosecuting attorney would see fit to introduce.

■ 2—The basic question which we should consider requires our determination as to whether the People was precluded from bringing a new criminal prosecution because of the fact that the mandate issued by this Court in relation to informations filed for the same facts, whose dismissal had been ordered, had not been sent, or received or executed.

■ The mandate[4] is the official means which we use to notify the trial court how we have disposed of the judgment object of review and to order compliance with the terms of our act. Once the mandate is received, the lower court should limit itself to comply with what has been ordered, which constitutes the law of the case between the parties,[5] *Martínez* v. *District Court*, 69 P.R.R. 513, 516 (1949); *Lluberas* v. *Mario Mercado e Hijos*, 77 P.R.R. 432, 435 (1954); *Commonwealth* v. *Ocean Park Dev. Corp.*, 79 P.R.R. 149, 163 (1956), even as to jurisdictional questions which were not raised before this Court, *Fiddler* v. *Tax Court*, 68 P.R.R. 784, 788 (1948), and as to any other which could have been raised in the petition for review of judgment, *Graniela* v. *Yolande, Inc.*, 65 P.R.R. 663 (1946). The lower court has no power to reopen the case nor to reconsider or amend the judgment or stay its execution, *Melón* v. *Muñiz*, 54 P.R.R. 171, 177 (1939),

---

[4] See, Rule 54.13 of the Rules of Civil Procedure, Rule 214 of the Rules of Criminal Procedure, Rule 20(a) of the Rules of the Supreme Court. *Cf.* Rule 216(j) of the Rules of Criminal Procedure and Rule 8 of the Rules for Appeals from the District Court to the Superior Court. See also, § 306 of the former Code of Civil Procedure, 32 L.P.R.A. § 1293.

[5] In *Melón* v. *Muñiz*, 54 P.R.R. 171, 178 (1939), mention is made of "the force of res adjudicata."

unless in civil cases leave is first obtained from this Court in order to set aside the judgment, as required by Rule 49.2.[6]

■ The principal purpose of the mandate is to induce the lower court to act in accordance with the pronouncements of this Court—hence the coined phrase which is generally incorporated in our judgments "and the case will be remanded to the trial court for further proceedings not inconsistent." The term of ten or five days, as the case may be, during which we keep it is to offer the party adversely affected by our judgment the opportunity to request the reconsideration or to take any other measure to keep the judgment rendered from being final and firm.[7] *Pérez* v. *District Court*, 50 P.R.R. 517, 527 (1936), where we said that ". . . In accordance with the practice of this Court its judgments, unless the contrary is expressly stated, are not notified for execution to the district court from which the case comes until ten days after entry, a term which has been considered sufficient to enable the interested parties to take such steps in connection therewith as they may deem advisable."

■■ It is necessarily inferred from the foregoing that the failure to remit or execute the mandate has no importance when the party affected by the judgment, or by a specific ruling thereof, takes steps which indicate its acceptance of our decision. In the situation which we considered, we ordered the dismissal of some informations.[8] Since a felony was

---

[6] ". . . After judgment is entered by the appellate court, no relief may be granted under Rule 49.2 which is not consistent with the mandate unless leave is first obtained therefor from the appellate court. . . ."

See, *People* v. *Matos Rodríguez*, 91 P.R.R. 616, 622, especially footnote 7.

[7] In *Ubiñas* v. *Medina*, 89 P.R.R. 651 (1963), we stated that the mere presentation of a motion indicating the intention to appeal, or to seek review by certiorari before the Federal Supreme Court, does not *ipso jure* strip the clerk of this Court of his obligations concerning the remission of mandates.

[8] Our judgment of April 26, 1968 on appeal O-67-374, *supra*, merely expressed "It is appropriate to reverse and to order the dismissal of the

involved the People could initiate a new prosecution within the three-year prescriptive period. Its efforts were aimed thereto, in compliance with and in a form perfectly compatible with our judgment. Under such circumstances, the failure to remit the mandate cannot favor the defendants petitioners therein.

But even though the question could be classified as "jurisdictional," instead of placing it as one of judicial economy, the failure to remit the mandate would not affect the acts which were not performed within the same case which was object of review by this Court. All that we ordered was the dismissal of certain informations, and among them causes G-67-269 to 272. And this mandate could not have the effect of depriving the People from filing a separate and independent action authorized by the law itself.

Finally, under the present circumstances, according to our decision in *People* v. *Ortiz Díaz*, 95 P.R.R. 237, 241 (1967), the holding of a new preliminary hearing was unnecessary, because "rather than a new information, in its legal effect, this is the filing of the information *anew*."

The judgment rendered by the Superior Court, Bayamón Part, on September 13, 1968, will be set aside, and the record will be remanded with instructions to render judgment ordering the magistrate of the District Court, Bayamón Part, since the complaint and warrant of arrest had been dispatched before said magistrate, to comply with the provisions of Rule 22 (c) of the Rules of Criminal Procedure.[9]

---

informations filed against petitioner." We did not make an express pronouncement ordering to remand the case to the trial court so that it would enter an order of dismissal.

[9] "(c) . . . The magistrate shall remit the complaint and the warrant of arrest or summons to the corresponding section and part of the Court of First Instance where further proceedings will be had as provided by these Rules."